

## IMPD Case#IP230076049 A. McClain

**Rhoda, Kelley R.** <Kelley.Rhoda@indy.gov>                    Mon, Aug 14, 2023 at 3:24 PM
To: Nadine37Bishop@gmail.com <Nadine37Bishop@gmail.com>

Ms. Bishop,

Great news on the case! We located and towed the suspect vehicle. Now the process of identifying the driver begins. Of course, the vehicle was not registered to who we believe was driving, so we need to be able to prove without a doubt who was actually operating the vehicle at the time of the crash. Not impossible and we're working on it. So far, we've received no cooperation from the registered vehicle owner, but that doesn't stop the investigation. I will keep you updated. Just wanted to let you know. Take care.

Respectfully,

Kelley Rhoda

Hit and Run Detective/Crash Investigations

Indianapolis Metropolitan Police Department

Desk: (317) 327-2630

31689@indy.gov



Gmail

## IMPD Case#IP230076049 A. McClain

**Nadine Bishop** <nadine37bishop@gmail.com>                                                              Mon, Aug 14, 2023 at 3:38 PM
To: Rhoda, Kelley R. <Kelley.Rhoda@indy.gov>

Thank you so much I also have information it's a girl that called me and I know her and she told me her brother was there the dude was bragging about what he had did to my son that he was drunk if you could call me I will gladly appreciate it my number is 317-932-4864

NADINE BISHOP

**image001.png**
8 KB

NADINE BISHOP

**Nadine Bishop** <nadine37bishop@gmail.com>                                    Mon, Sep 25, 2023 at 1:43 PM
To: Rhoda, Kelley R. <Kelley.Rhoda@indy.gov>

Hello Ms.Rhona I'm just checking in to see where are we with the case for my son Andrew McClain if you can get back with me I will gladly appreciate it

On Mon, Aug 14, 2023, 3:24 PM Rhoda, Kelley R. <                    gov> wrote:

> **image001.png**
> 8 KB

**Nadine Bishop** <nadine37bishop@gmail.com>                                    Mon, Sep 25, 2023 at 1:50 PM
To: Rhoda, Kelley R. <Kelley.Rhoda@indy.gov>

Again this is Andrew McClain's mom and I was just wondering have you all looked at the footage from the bar that he was at before he was hit

NADINE BISHOP

On Mon, Aug 14, 2023, 3:24 PM Rhoda, Kelley R. <                    > wrote:

> **image001.png**
> 8 KB

**Rhoda, Kelley R.** <Kelley.Rhoda@indy.gov>                                    Thu, Sep 28, 2023 at 3:34 PM
To: Nadine Bishop <nadine37bishop@gmail.com>

Good afternoon,

We have had a few advances in the case - a crime stoppers tip that named our suspect and an interview with the vehicle owner that is somewhat cooperative. We do know that she was not the driver and she is not our suspect. Of course, we did get the phone records back and they were not helpful as we had hoped, so that is definitely a setback. We also had a meeting set with the prosecutor and he has also pushed us back 2 weeks as he had a murder that went to trial. So, as soon as we meet with him, we'll get an idea on if he thinks we can file the case or not. I will keep you updated.

Regards,

Kelley Rhoda

Hit and Run Detective/Crash Investigations

Indianapolis Metropolitan Police Department

55  K    Av

Ind    apo     N

Desk: (317) 327-2630

31689@indy.gov

On Mon, Aug 14, 2023, 3:24 PM Rhoda, Kelley R. <~~~~ Rhoda@indy.~~~~> wrote:
[Quoted text hidden]

> **image001.png**
> 8 KB

**Rhoda, Kelley R.** <Kelley.Rhoda@indy.gov>                                    Wed, Sep 13, 2023 at 5:51 PM
To: Nadine Bishop <nadine37bishop@gmail.com>

Good evening,

There is both good news and bad news. The bad news is that the phone records generated no useful information. It didn't confirm or exclude our primary suspect. The good news is that the registered vehicle owner (who is NOT the suspect) has begun to communicate with us. We pressured her with the fact that she can be held financially responsible (bc it's her car) and she has, at least, started to cooperate. We are still not there. We believe we know who was driving at the time of the crash, we just can't prove it yet. There's still a lot to do, so it's not hopeless. It is going to be very difficult, but I am still confident. We meet with prosecutors Friday to discuss whether they feel it can be filed or not.

Also, I received a message from Andrew's father. I tried to call him back but he didn't answer and his voicemail box was full. If you can get in contact with him, please relay the updates on the case.

Thank you and take care,

Kelley Rhoda

Hit and Run Detective/Crash Investigations

Indianapolis Metropolitan Police Department

501 King Ave

Indianapolis, IN 46222

Desk: (317) 327-2630

31689@indy.gov

Get Outlook for iOS

**From:** Nadine Bishop <nadine37bishop@gmail.com>
**Sent:** Wednesday, September 13, 2023 3:02:45 PM
**To:** Rhoda, Kelley R. <Kelley.Rhoda@indy.gov>
**Subject:** Re: IMPD Case#IP230076049 A. McClain

**CAUTION:** This email originated from outside of the organization and contains an attachment. Unless you recognize the sender and know the contents are safe, do not open the attachment.

Yes because the case number that is attached to the email it did not work but the lawyer found the police report and I was completely unaware what was going on if you could give me a call I would appreciate that 317-932-4864

NADINE BISHOP

**Nadine Bishop** <nadine37bishop@gmail.com>                    Tue, Nov 14, 2023 at 7:22 AM
To: Rhoda, Kelley R. <Kelley.Rhoda@indy.gov>

Good morning detective is it possible you can give me a call at your earliest convenience 317-932-4864 please and thank you this is the mother of Andrew McClain

NADINE BISHOP

**Rhoda, Kelley R.** <Kelley.Rhoda@indy.gov>                    Tue, Nov 14, 2023 at 3:38 PM
To: Nadine Bishop <nadine37bishop@gmail.com>

Ms. Bishop,

I tried to call this afternoon. It went to voicemail. Our numbers come up as "blocked." Since I could not get in contact with you, I am just emailing the info we would have discussed. Hopefully you have gotten a chance to discuss this with Mr. Crossen. I spoke with him this morning and informed his of the situation/outcome as well. Unfortunately, the prosecutor has chosen not to proceed with charges. There is also no insurance on the vehicle, so Mr. Crossen cannot proceed with a civil case. He *can*, it's just likely not beneficial. As far as the criminal case goes, we know who owns the vehicle and are pretty confident we know the two individuals who were in the vehicle at the time of the crash, but we cannot say with certainty who was driving. Of course, we cannot go to court with "pretty confident" or a suspicion, we have to be 100% sure and we cannot say that. We have tried to interview both individuals and one, the suspect, did actually speak with us. The other individual did not. As expected, the suspect admitted to nothing and claimed the vehicle was stolen. At this point, we cannot proceed with the case, but it will remain open to follow up on any new leads. Let me know what questions you have and I will do my best to answer them.

**Nadine Bishop** <nadine37bishop@gmail.com>                    Wed, Nov 15, 2023 at 8:11 AM
To: Rhoda, Kelley R. <Kelley.Rhoda@indy.gov>

Good morning is it possible you can give me a time on when you can call so I can be by my phone waiting on your call

NADINE BISHOP

**image001.png**
8 KB

**Nadine Bishop** <nadine37bishop@gmail.com>                    Tue, Nov 21, 2023 at 8:10 AM
To: Rhoda, Kelley R. <Kelley.Rhoda@indy.gov>

Good morning I was wondering if I'm able to come and look at at least the cameras that showing that my son was supposed to be riding in the street instead of in the bike lane am I able to come and look at that or possibly you can send it to me thank you

NADINE BISHOP

**Rhoda, Kelley R.** <Kelley.Rhoda@indy.gov>                    Tue, Nov 21, 2023 at 8:39 AM
To: Nadine Bishop <nadine37bishop@gmail.com>

Good morning,

Unfortunately we cannot release that evidence. However, you are welcome to contact the Indpls Children's Museum to see if they will release it to you. Crime scene photos and crash report data also confirms that he was near the center of the northbound lanes when he was struck.

**Nadine Bishop** <nadine37bishop@gmail.com>                    Tue, Nov 21, 2023 at 8:44 AM
To: Rhoda, Kelley R. <Kelley.Rhoda@indy.gov>

Gmail

**Andrew McClain**

**Nadine Bishop** <nadine37bishop@gmail.com>                                          Wed, May 21, 2025 at 10:16 AM
To: 31689@indy.gov

Hello I am the mother of Andrew McClain and I'm trying to see how you have any follow up for leads if possible can you give me a call I would like to talk with you about his case well about to hit it moment my number is 464-251-1751 thank you

image001.png
8 KB

**Rhoda, Kelley R.** <Kelley.Rhoda@indy.gov>
To: Nadine Bishop <nadine37bishop@gmail.com>

Tue, Aug 29, 2023 at 9:05 PM

Good evening,

The case is still moving in the right direction. This is the part I explained to you would take time. We have requested search warrants for the suspects phone. One was a "burner" phone and not able to be accessed. The other was sent to the cell carrier and is being processed. This can take anywhere from 4-6 weeks. Once we receive those, they will be analyzed by the digital forensics unit. So, there isn't anything significant going on, but time consuming steps that must be done. I will keep you updated.

Regards,

Kelley Rhoda

Hit and Run Detective/Crash Investigations

Indianapolis Metropolitan Police Department

551 King Ave

Indianapolis, IN 46222

Desk: (317) 327-2630

31689@indy.gov

Get Outlook for iOS

**From:** Nadine Bishop <nadine37bishop@gmail.com>
**Sent:** Monday, August 28, 2023 1:45:47 PM
**To:** Rhoda, Kelley R. <Kelley.Rhoda@indy.gov>
**Subject:** Re: IMPD Case#IP230076049 A. McClain

**CAUTION:** This email originated from outside of the organization and contains an attachment. Unless you recognize the sender and know the contents are safe, do not open the attachment.

**Nadine Bishop** <nadine37bishop@gmail.com>
To: Rhoda, Kelley R. <Kelley.Rhoda@indy.gov>

Wed, Sep 13, 2023 at 2:02 PM

Hello I was just checking in to see have anything changed out there any updates if so you can email me back or give me a call 317-932-4864 again this is regarding my son Andrew McClain

Since the **street was remodeled in 2022 and includes a bike lane,** here's how we'll revise your negligence claim against the City of Indianapolis:

Even though the City **created a bike lane,** it **still failed** to:

- **Ensure that bike/scooter lanes were protected from fast-moving or oncoming traffic (especially head-on).**

- **Enforce traffic laws in areas shared by cars and scooters.**

- **Respond to the danger of vehicles encroaching into protected lanes.**

- **Investigate your son's death or make corrections after the hit-and-run.**

# New Paragraph to Add to Your Complaint

You can place this under your section titled:
"**Facts**" or "**Count I: Violation of Civil Rights (42 U.S.C. § 1983)**"

On or about **August 13, 2023**, Plaintiff Nadine Bishop received a phone call from a close friend, who informed her that her brother had **bragged about being involved in the hit-and-run death of Andrew McClain**. Plaintiff immediately contacted **Detective Rhonda Kelly** and provided the name of the individual. However, **Detective Kelly refused to accept the phone number or speak with the witness**, stating that she was "pretty confident" she had enough evidence and did not need to follow up on the tip.

On or about **December 3, 2023**, Plaintiff learned that this friend, who had the firsthand knowledge and offered cooperation, had **died under uncertain circumstances**. To Plaintiff's knowledge, **no effort was made by law enforcement to interview her** before her death. This failure to pursue a key witness and possible suspect amounts to **deliberate indifference**, violating both Plaintiff's and Andrew McClain's **right to due process** under the Fourteenth Amendment.

*Source: WRTV article titled "Victim's family asking for answers after fatal hit-and-run"*
*Link: https://www.wrtv.com/news/local-news/victims-family-asking-for-answers-after-fatal-hit-and-run*
*Quote: "Police have identified a person of interest and the alleged vehicle being driven when McClain was*
*killed. So far no arrests have been made."*

4. The City failed to implement or enforce adequate traffic safety measures to protect bike lane users, including: a. Protective barriers; b. Speed enforcement; c. Signage and lighting; d. Enforcement of driver behavior near scooter/bike lanes.
5. These failures created an unreasonable risk and directly contributed to Andrew's death.
6. Plaintiff seeks damages for the wrongful death and all other relief the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests: - Compensatory damages in an amount to be determined at trial; - Punitive damages against individual defendants where allowed; - Declaratory and injunctive relief; - Costs and attorney fees under 42 U.S.C. §1988; - Any other relief deemed just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**Nadine Bishop**
Plaintiff, Pro Se
1203 East 11th Street
Ford Heights, IL 60411
[Phone/email if desired]
Dated: [To be filled by Clerk]

## Exhibits in Support of Fourteenth Amendment Violations

In the matter concerning the death of Andrew McClain and subsequent law enforcement
inaction.

## Exhibit A – Summary of November 14, 2023, Email from Detective Kelly Rhoda

Detective Rhoda states that the prosecutor declined to proceed with charges in Andrew
McClain's death. She adds that the vehicle used in the hit-and-run was located and towed,
that the vehicle was not insured, and that while they are 'pretty confident' about who was
in the vehicle, they cannot confirm who was driving. She also states that one suspect spoke
with investigators but denied involvement and claimed the vehicle was stolen, while the
other suspect refused to cooperate. Despite this, she indicates that the case will not proceed
unless new leads arise.

## Exhibit B – Constitutional Violations of the Fourteenth Amendment

### 1. Procedural Due Process Violations

• Failure to pursue credible leads: Ms. Bishop provided names, a witness (Katie Story), and
information involving a confession from a suspect. IMPD refused to record or investigate
this testimony and failed to subpoena further evidence.

• Failure to notify and involve the family: Ms. Bishop was not provided consistent updates
and was denied participation in the legal process despite being the mother of the victim.

• Misrepresentation of legal thresholds: The detective stated a need for '100% certainty' to
proceed with charges, misapplying the standard. Probable cause, not certainty, is all that is
needed to file charges or arrest.

### 2. Equal Protection Violations

• Disparate treatment: Families of different racial or socioeconomic backgrounds would
typically receive full investigative support. The state's refusal to take action reflects a denial
of equal protection under the law.

• Denial of justice based on income: Ms. Bishop was told the civil case was not 'beneficial'
due to the lack of insurance, effectively closing off the civil path due to the defendant's
financial condition.

### 3. Deliberate Indifference

• Law enforcement's knowledge of a fatality, witness testimony, a suspect vehicle, and
potential suspects should have warranted greater investigative efforts. Their decision to

1

end active pursuit, despite these facts, constitutes deliberate indifference to the family's
constitutional rights.

## Summary

Detective Rhoda's own written statements confirm that both Ms. Bishop's and her son
Andrew McClain's rights to due process and equal protection were denied. State officials
chose not to act on critical evidence, failed to follow proper legal standards, and
discriminated in their application of justice.

## 🔍 Full Summary of Detective Kelly Rhoda's Message

**Detective Rhoda states:**

*"The prosecutor has chosen not to proceed with charges."*
➡️ Despite a known fatality, a suspect vehicle located, and individuals identified, the prosecutor declines to file charges.

*"There is no insurance on the vehicle, so Mr. Crossen cannot proceed with a civil case. He can, it's just likely not beneficial."*
➡️ Suggests that a civil case is not financially worth pursuing, even though legal action is still viable. This undermines the family's right to access civil justice.

*"We know who owns the vehicle and are pretty confident we know the two individuals who were in the vehicle at the time of the crash, but we cannot say with certainty who was driving."*
➡️ The investigation reached a point of high likelihood but stopped short of firm conclusions—despite eyewitness leads and forensic options being available.

*"We have to be 100% sure and we cannot say that."*
➡️ Implies a higher threshold than what is legally necessary to proceed with an arrest or criminal filing, especially given the known suspect and corroborating witness tip.

*"We have tried to interview both individuals. One did speak but admitted to nothing and claimed the vehicle was stolen. The other refused to speak."*
➡️ No charges filed despite suspect evasion and inconsistent stories.

*"We cannot proceed with the case, but it will remain open to follow up on any new leads."*
➡️ Effectively ends active investigation while the case remains technically open.

## ⚖️ How This Violates Your Fourteenth Amendment Rights

### 1. Violation of Procedural Due Process (You and Your Son)

Under the 14th Amendment, you as a parent and Andrew as a victim were entitled to fair, timely, and transparent procedures by state actors.

- **Failure to pursue credible leads:**
  You provided a named witness who reported a confession. That testimony was never formally recorded or pursued. No subpoena of surveillance, cell tower data, or thorough investigation followed.

- **Failure to notify or involve victim's family meaningfully:**
  You had to chase updates, beg for responses, and were denied participation in critical parts of the process (like evidence review or suspect confrontation).

- **Misrepresentation of legal standards:**
  The detective stated they need "100% certainty," but that is a **trial standard (beyond a reasonable doubt)**—not a **probable cause standard**, which is all that's required to **charge or arrest**. This is either a misunderstanding of the law or a willful excuse to avoid action—both violations of due process.

## 2. **Violation of Equal Protection (Andrew and You as Victims of Government Neglect)**

The Fourteenth Amendment guarantees that similarly situated people are treated equally under the law.

- **Disparate treatment of Black victims or low-income families:**
  In similar fatal hit-and-runs involving white victims or affluent communities, full investigations, arrests, and charges are often pursued—**even without 100% certainty**. Here, despite a death and known suspect, no real pressure or aggressive investigation was applied.

- **Denial of justice due to economic status:**
  Declining to proceed civilly because "it's not beneficial" ignores the rights of families to pursue justice, not just **money**. The criminal system should not discriminate based on a suspect's ability to pay.

## 3. **Deliberate Indifference to Constitutional Rights**

By choosing to stop pursuing the case despite:

- a deceased victim,
- known suspect vehicle and persons,
- a witness offering key testimony, and
- the availability of investigative tools...

...IMPD and the prosecutor's office demonstrated **deliberate indifference**, which is a constitutional violation under § 1983.

# 🗒 Final Statement You Can Use

14th Amendment Violation Timeline

"Detective Kelly Rhoda's own statements confirm that my son's death was met with a casual and biased investigation. Despite knowing who was likely in the car and being given a credible eyewitness account, no one was arrested or charged. The detective misunderstood the legal standards required for criminal action, misled me about my civil options, and refused to follow up on evidence I offered. This amounts to a violation of both my and my son Andrew McClain's rights to due process and equal protection under the Fourteenth Amendment

# ◆ II. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including **42 U.S.C. § 1983**, which provides a cause of action for the deprivation of constitutional rights under color of state law.

2. Jurisdiction is conferred on this Court by **28 U.S.C. § 1331** (federal question jurisdiction) and **28 U.S.C. § 1343(a)(3)** (civil rights jurisdiction).

3. This Court has supplemental jurisdiction over state law claims, if any, under **28 U.S.C. § 1367**.

4. Venue is proper in the **Southern District of Indiana, Indianapolis Division** under **28 U.S.C. § 1391(b)** because the events giving rise to these claims occurred in this district.

# ◆ III. PARTIES

5. **Plaintiff NADINE BISHOP** is the biological mother of **Andrew McClain**, deceased. She brings this action on her own behalf and on behalf of her son under federal civil rights laws. Ms. Bishop is a resident of **Ford Heights, Illinois**, and is seeking redress for the deprivation of constitutional rights resulting from the actions and inactions of government officials and agencies in Indianapolis, Indiana.

6. **Defendant DETECTIVE KELLY RHONDA** is a law enforcement officer employed by the **Indianapolis Metropolitan Police Department (IMPD)**. She is sued in both her **individual capacity** and **official capacity** for acts and omissions committed under color of state law, including her failure to properly investigate the death of Andrew McClain and violation of the Plaintiff's Fourteenth Amendment rights.

7. **Defendant INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT (IMPD)** is a municipal law enforcement agency operating under the authority of the **City of Indianapolis**. IMPD is responsible for establishing policies, training, supervision, and oversight of its officers, including Detective Kelly Rhonda. IMPD is a final policymaker and is liable under **Monell v. Department of Social Services** for maintaining policies, customs, or practices that resulted in the violation of Plaintiff's constitutional rights.

8. **Defendant CITY OF INDIANAPOLIS** is a municipality organized under the laws of the State of Indiana and is legally responsible for the policies, practices, and conduct of IMPD and its employees, including those complained of herein.

✅ These are now formatted **exactly how the federal court expects**.

If you're ready, I can now:

# ◆ IV. FACTUAL ALLEGATIONS

9. On August 5, 2023, Andrew McClain, the adult son of Plaintiff Nadine Bishop, was struck and killed in a hit-and-run incident in Indianapolis, Indiana. He died from his injuries at the scene.

10. Following Andrew's death, Plaintiff received a phone call from a long-time friend she has known since 1999. The friend told Plaintiff that her own brother had bragged about being involved in the hit-and-run incident that killed Andrew.

11. The witness described in detail the damage to the vehicle involved, including that **Andrew's hair, teeth, and brain fragments were embedded in the front grille** of the vehicle. The description given by the witness matched evidence later discovered by law enforcement.

12. Plaintiff immediately contacted **Detective Kelly Rhonda** of the **Indianapolis Metropolitan Police Department (IMPD)** to report this critical witness information and offered to provide the witness's contact information.

13. Despite the urgency and credibility of the information, **Detective Rhonda refused or failed to follow up** on the witness. The witness was never contacted by law enforcement.

14. Plaintiff later learned that IMPD located the vehicle and identified the registered owner. The vehicle owner admitted knowledge of the incident but stated she was not the driver.

15. IMPD determined that the vehicle owner was not a suspect, but failed to identify, arrest, or charge the actual driver.

16. A **main witness who had provided Plaintiff with critical information later died under unclear circumstances**, and Plaintiff was never informed about whether her death was investigated.

17. Law enforcement received tips through **Crime Stoppers**, and obtained **phone records**, but the case stalled with no arrest and no prosecution.

18. The **Marion County Prosecutor's Office declined to file charges**, citing lack of sufficient evidence, despite the information Plaintiff provided and the clear physical damage to the vehicle.

19. Throughout the investigation, IMPD and Detective Rhonda failed to keep Plaintiff informed, failed to follow leads, ignored direct witness testimony, and did not pursue a serious or timely investigation.

20. Plaintiff has made every effort to retain legal counsel, but **multiple attorneys refused to take the case**, citing concerns about suing the police or lack of insurance or financial recovery.

21. Plaintiff has been left without recourse, grieving the loss of her son, and denied justice due to the **willful failure of law enforcement officials to perform their duties** and follow constitutional procedures.

22. The failure to investigate and the refusal to act on credible information constitutes **deliberate indifference, gross negligence**, and a **violation of Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment**.

23. These violations were caused by a **policy, practice, or custom of the Indianapolis Metropolitan Police Department and the City of Indianapolis** to delay, minimize, or ignore investigations

# ◆ V. CLAIMS FOR RELIEF

## Count I: Violation of Fourteenth Amendment — Denial of Due Process

*(42 U.S.C. § 1983 – Against Detective Kelly Rhonda in Individual and Official Capacities)*

24. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

25. The Fourteenth Amendment to the United States Constitution guarantees individuals the right to due process of law, including the right to a meaningful investigation when a state actor's failure to act causes or contributes to a wrongful death.

26. Defendant **Detective Kelly Rhonda**, acting under color of state law, failed to conduct a proper investigation into the death of Andrew McClain, despite receiving credible information from Plaintiff identifying a potential suspect and vehicle.

27. Defendant Rhonda willfully or recklessly disregarded Plaintiff's reports and failed to contact witnesses or pursue evidence in a timely or meaningful manner.

28. This deliberate inaction deprived Plaintiff and her son of their protected liberty interests, including the right to have Andrew's death properly investigated and prosecuted.

29. Defendant's conduct shocks the conscience and constitutes a violation of Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment, actionable under **42 U.S.C. § 1983**.

## Count II: Municipal Liability (Monell Claim)

*(42 U.S.C. § 1983 – Against the City of Indianapolis and IMPD)*

30. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

31. Defendants **City of Indianapolis** and **Indianapolis Metropolitan Police Department (IMPD)** are municipal entities subject to liability under **Monell v. Department of Social Services**, 436 U.S. 658 (1978).

32. At all relevant times, Defendants maintained **policies, customs, or practices** that permitted or encouraged:

- The failure to properly investigate serious crimes involving vulnerable or marginalized victims,

- The failure to follow up on credible leads,

- The failure to supervise and train officers in proper death investigations.

33. These unconstitutional policies or customs were the **moving force** behind the constitutional violations suffered by Plaintiff, including the denial of due process and equal protection of law.

34. Defendants' actions and omissions, carried out under color of law, directly caused Plaintiff's injuries and deprived her of her constitutional rights, in violation of **42 U.S.C. § 1983**.

## ◆ VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff **Nadine Bishop**, individually and on behalf of her deceased son **Andrew McClain**, respectfully requests that this Court enter judgment in her favor and against the Defendants, and award the following relief:

1. **Compensatory damages** in an amount to be determined at trial for the emotional pain, suffering, mental anguish, and loss of familial relationship resulting from the death of Andrew McClain and Defendants' failure to investigate and provide justice;

2. **Punitive damages** against **Detective Kelly Rhonda**, in her individual capacity, for her willful, wanton, and reckless disregard for Plaintiff's constitutional rights;

3. **Declaratory judgment** stating that Defendants' conduct violated Plaintiff's rights under the Constitution and federal law;

4. **Injunctive relief**, if appropriate, requiring the City of Indianapolis and IMPD to adopt and enforce proper policies regarding investigation of violent crimes and accountability for officer inaction;

5. **Reasonable attorneys' fees and costs**, pursuant to **42 U.S.C. § 1988** (even though Plaintiff is pro se, this allows recovery if an attorney joins the case later);

6. **Any further relief the Court deems just and proper** under the circumstances.

Plaintiff hereby demands a **trial by jury** on all issues so triable.

Respectfully submitted,

**Nadine Bishop**
1203 East 11th Street
Ford Heights, IL 60411
[Leave date and signature lines blank to fill in at filing]