UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NADINE BISHOP Individually and as a surviving mother of Andrew McClain, deceased, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )   No. 1:25-cv-01358-SEB-TAB ) |
| CITY OF INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT (IMPD), et al., | ) ) ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTION TO APPOINT COUNSEL**

Before the Court is Plaintiff Nadine Bishop's motion to appoint counsel. [Filing No. 14.] In support of the motion, Plaintiff states: 1) she is unable to afford private counsel; 2) she has made multiple unsuccessful attempts to secure counsel; 3) this case involves complex legal and factual issues; 4) she is also currently pursuing appointment as the personal representative of her son's estate; and 5) without appointed counsel, she will be severely disadvantaged in presenting evidence, conducting discovery, and proceeding to trial.

Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, the federal *in forma pauperis* statute, 28 U.S.C. § 1915(e)(1), gives courts the authority to "request" counsel for any person unable to afford counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a *pro bono* assignment in every *pro se* case. See *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit

from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

In deciding whether to attempt to recruit *pro bono* counsel, "'the district court is to make the following inquiries: (1) has the indigent [litigant] made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the [litigant] appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. See *Pruitt*, 503 F.3d at 655-56.

The first question, whether the litigant has made a reasonable attempt to secure private counsel on her own "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. Plaintiff states that she has contacted several attorneys, but she does not quantify how many or otherwise identity the attorneys she contacted. Thus, the Court cannot determine whether she has made a reasonable attempt to obtain counsel.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the [litigant] to litigate those claims himself." *Eagan,* 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular [litigant's] capacity as a layperson to coherently present it to the judge or jury himself.' " *Id.* (quoting *Pruitt*, 503 F.3d at 655). "This assessment of [a litigant's] apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt*, 503

F.3d at 655). There are no fixed criteria for determining whether a litigant is competent to litigate her own case, but the Seventh Circuit recommends that courts consider factors such as the litigant's literacy, communication skills, education level, litigation experience, intellectual capacity, and psychological history. *Id.* Plaintiff's motion fails to comment directly on her literacy, communication skills, educational background, intellectual capacity, or psychological history. However, she does indicate that she is pursuing appointment as the personal representative of her son's estate, which could indicate she is literate and intellectually capable of handling self-representation. Moreover, this matter is still in the very beginning stages, so its potential complexities are unknown.

For these reasons, Plaintiff's motion for assistance with recruiting counsel is denied without prejudice. [Filing No. 14.] Plaintiff may re-file her motion at a later date after this case is more developed. If Plaintiff does choose to file a motion in the future, the Court encourages her to use the form motion for assistance with recruiting counsel available on the Court's website at https://www.insd.uscourts.gov/forms/motion-assistance-recruiting-counsel-non-prisoner.

Date: 9/4/2025

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

NADINE BISHOP
1203 E. 11th St.
Ford Heights, IL 60411