IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NADINE BISHOP, Individually and as a surviving mother of Andrew McClain, deceased,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT (IMPD), RHODA KELLY Detective, CITY OF INDIANAPOLIS OFFICE OF CORPORATION COUNSEL<br><br>Defendants. | Case No. 1:25-cv-01358-SEB-TAB |

**DEFENDANTS' PROPOSED CASE MANAGEMENT PLAN**

**I.    Parties and Representatives**

    A.    Plaintiff is pro se:

            Nadine Bishop
            1203 East 11th St.
            Ford Heights, IL 60411
            Phone: 464-251-1751
            Email: nadine37bishop@gmail.com

    B.    Defendants are represented by:

            Caitlin A. Wilkinson (#39067-49)
            Michael B. Coppinger (#36179-49)
            Office of Corporation Counsel
            200 E. Washington Street, Suite 1601
            Indianapolis, Indiana 46204
            Phone: (317) 327-4055
            Fax: (317) 327-3968
            Email: Caitlin.Wilkinson2@indy.gov
                   Brian.coppinger2@indy.gov

    Parties shall promptly file a notice with the Clerk if there is any change in this information.

**II.    Jurisdiction and Statement of Claims**

    A.    The basis for subject matter jurisdiction is federal question jurisdiction.

    B.    <u>Plaintiff's Synopsis</u>

This case arises from an accident that occurred on August 5, 2023. Plaintiff's son was killed in a hit and run accident collision. Plaintiff's claims arise out of the subsequent investigation of the death. Plaintiff is bringing claims under the 14th Amendment, including due process and equal protection claims for failure to properly investigate Plaintiff's son's death. Plaintiff is bringing state law claims of negligence and wrongful death.

    C.    <u>Defendants' Synopsis</u>

Defendants deny wrongdoing and, more specifically, deny that they violated any state or federal laws. Additionally, Defendants are entitled to immunity such as qualified immunity and law enforcement immunity. Defendants further assert the following defenses: failure to mitigate damages; the limitation of liability under Indiana Code § 34-13-3-4; and immunity under the Indiana Tort Claims Act. Defendants reserve the right to amend their defenses as this matter progresses.

**III.**    **Pretrial Pleadings and Disclosures**

    A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **November 7, 2025**.

    B.    Plaintiff shall file preliminary witness and exhibit lists on or before **November 14, 2025**.

    C.    Defendant shall file preliminary witness and exhibit lists on or before **November 21, 2025**.

    D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **December 5, 2025**.

    E.    Plaintiff shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **December 5, 2025**. Defendant shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the demand.

    F.    Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **June 9, 2026**. Defendant shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before 30 days after Plaintiff serves its expert witness disclosure; or if Plaintiff has disclosed no experts, Defendant shall make its expert disclosure on or

before **July 9, 2026**.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than **November 9, 2026**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **September 9, 2026**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. The parties have discussed preservation and disclosure of electronically stored discovery information, including a timetable for making the materials available to the opposing party.

    1. <u>No ESI Supplement Required</u>. Inasmuch as neither party is seeking a substantial volume of ESI, the parties have not completed the ESI Supplement to the Report of the Parties' Planning Meeting.

    2. <u>Production of Electronic Documents</u>.

        a. Documents and Emails: Documents and emails will be produced in PDF format unless otherwise agreed, with metadata provided only if specifically requested.

        b. Video Files: Video Files will be produced in their native format or another accessible format agreed upon by the parties.

        c. Other ESI: Other ESI such as images, audio recordings, or digital files, will be produced in standard formations (JPEG for images, MP# for audio) or as otherwise agreed.

3. <u>Other electronically-stored information issues the parties believe may be relevant to discovery in the case</u>.  None at this time.

4. <u>Claw Back Provision</u>.  In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV.  **Discovery and Dispositive Motions**

A. The Defendants intend to file a dispositive motion as Defendants are not liable due to immunities to which they are entitled, including but not limited to qualified immunity and law enforcement immunity. Even if the facts are viewed in the light most favorable to the Plaintiff, the actions of the officers did not violate any state or federal laws and did not violate any clearly established constitutional rights.

B. On or before **May 16, 2026**, and consistent with the certification provisions of Fed. R. Civ. Proc. 11(b) the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Discovery Track:

√√   Track 2: Dispositive motions are expected and shall be filed by **June 9, 2026**; non-expert witness discovery and discovery relating to liability issues shall be completed by **May 9, 2026**; expert witness discovery and discovery relating to damages shall be completed by **September 9, 2026**.  All remaining discovery shall be completed by no later than **November 9, 2026**.

<u>Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

## V.  **Pre-Trial/Settlement Conferences**

An initial pre-trial conference has been scheduled for September 25, 2025.

4

At any time, any party may call the Judge's staff to request a conference, or the Court may sua sponte schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. The parties recommend a settlement conference in **March 2026**.

VI. **Trial Date**

The parties request a trial date in **February 2027**. The trial is by jury and is anticipated to take three days.

VII. **Referral to Magistrate Judge**

A. **Case:** At this time, all parties *do not* consent to refer this matter to the Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rule of Civil Procedure 73 for all further proceedings including trial.
B. **Motions:** The parties *do not* consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.

VIII. **Required Pre-Trial Preparation**

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the

5

      actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

  5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

  6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

  1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

  2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

  3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

  4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

IX. <u>Other Matters</u>

 None at this time.

/s/ Caitlin A. Wilkinson
Caitlin A. Wilkinson (#39067-49)
Office of Corporation Counsel
200 E. Washington Street, Suite 1601
Indianapolis, Indiana 46204
Phone: (317) 327-4055
Fax: (317) 327-3968
Email: Caitlin.Wilkinson2@indy.gov
*Attorney for Defendant*

[*Rest of page intentionally left blank*]

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
|  | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|  | APPROVED AS SUBMITTED. |
|  | APPROVED AS AMENDED. |
|  | APPROVED AS AMENDED PER SEPARATE ORDER. |
|  | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT \_\_\_\_.M., ROOM _____. |
|  | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M. COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_\_) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (\_\_\_\_) _____; |
|  | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**Approved and So Ordered.**

_____           _____

Date                                                              U. S. District Court
                                                                                  Southern District of Indiana