# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

NADINE BISHOP, individually and as the surviving mother of ANDREW MCCLAIN, deceased,
Plaintiff,

v.

CITY OF INDIANAPOLIS, et al.,
Defendants.

FILED
SEP 23 2025
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

Case No. 1:25-cv-01358-SEB-TAB

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff Nadine Bishop, pro se, respectfully submits this Response in Opposition to Defendants' Motion to Dismiss. Plaintiff is filing a First Amended Complaint contemporaneously with this response, which cures many of the alleged deficiencies. Dismissal would be unjust and premature before discovery, and Plaintiff respectfully requests that this Court deny the motion.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in Plaintiff's favor. A complaint need only state a plausible claim for relief. Plaintiff's Amended Complaint satisfies this standard.

## ARGUMENT

### A. Claims Against IMPD

Plaintiff acknowledges IMPD is a municipal department and consents to substitution of the City of Indianapolis as the proper party. This does not warrant dismissal of the claims.

### B. Wrongful Death / Negligence

Plaintiff has diligently sought appointment as personal representative (PR) but cannot afford counsel and has been unable to secure one despite contacting the Indiana Bar Association, legal aid, and multiple attorneys. Plaintiff requests the Court allow additional time or appoint a neutral PR so that the claims can be heard on their merits rather than dismissed.

## C. Constitutional Claims

Plaintiff's claims go beyond dissatisfaction with investigation. The Amended Complaint alleges falsification of crash reports, refusal to interview key witness Katie Storey, denial of Plaintiff's right to view and identify Andrew, and mishandling of evidence—violations that shock the conscience and constitute due process and equal protection violations under the Fourteenth Amendment.

## D. Monell Claim

The Amended Complaint alleges multiple systemic failures including issuance of conflicting crash reports, missing toxicology documentation, and refusal to accept witness information. Together, these allegations show a pattern or policy of investigative failures. Discovery is required to determine the City's training and investigative policies and whether they caused the harm suffered by Plaintiff.

## E. Tort Claim Notice

Defendants rely on an affidavit from the custodian of records regarding Plaintiff's tort claim notice. Plaintiff filed a late notice and petition and requests this Court not dismiss prematurely while state relief is sought. Federal constitutional claims are not barred by Indiana's notice statute.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss in its entirety. Alternatively, Plaintiff requests leave to amend or additional time to secure personal representative appointment so that the claims may be heard on the merits.

Respectfully submitted,

*/s/ Nadine Bishop*

Nadine Bishop (Pro Se)
1203 East 11th Street, Ford Heights, IL 60411
Email: nadine37bishop@gmail.com | Phone: 464-251-1751
Date: 9-23-25