

FILED
SEP 23 2025 DK
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

NADINE BISHOP, on her own behalf and as mother of Andrew McClain (deceased),

Plaintiff,

v.

CITY OF INDIANAPOLIS, INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT, DETECTIVE KELLEY RHODA, and MARION COUNTY CORONER'S OFFICE,

Defendants.

Case No.: 1:25-cv-01358-SEB-TAB

# FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 AND WRONGFUL DEATH

Plaintiff, appearing pro se, alleges as follows:

## I. INTRODUCTION

1. This case arises from the wrongful death of Andrew McClain, age 26, who was struck head-on by a vehicle on August 5, 2023, while riding a Lime scooter in Indianapolis. Plaintiff is Andrew's mother and brings this action to seek justice for Andrew, for herself, and for Andrew's two young sons.
2. Despite repeated efforts to cooperate, Plaintiff was denied a fair investigation, given conflicting crash reports, and misled about key evidence, depriving her of due process and closure.
3. Plaintiff brings this action under 42 U.S.C. § 1983 to hold Defendants accountable, obtain compensation, and ensure that no other family experiences this treatment.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.
2. Venue is proper because the events giving rise to these claims occurred in Indianapolis, Indiana.

## III. PARTIES

1. Plaintiff Nadine Bishop is a resident of Ford Heights, Illinois.
2. Defendant City of Indianapolis is a municipal corporation responsible for operating IMPD.

3. Defendant IMPD and Detective Kelley Rhoda were responsible for investigating Andrew McClain's death.
4. Defendant Marion County Coroner's Office was responsible for handling Andrew's remains and autopsy.

## IV. FACTUAL ALLEGATIONS

1. On August 5, 2023, Andrew McClain was struck head-on by a vehicle that fled the scene. He later died of multiple blunt force injuries.
2. The first Indiana Officer's Standard Crash Report was created August 7, 2023, and printed August 10, 2023. It classified the incident as "non-collision" despite describing a head-on impact.
3. On March 4, 2024, a second crash report with the same Local ID number was created, listing a new reviewing officer, adding a "supplement done" notation, and marking the investigation complete the same day.
4. On December 29, 2023, a supplement was entered to add toxicology results to the case file, but the results were never attached or disclosed to Plaintiff.
5. Plaintiff was denied the opportunity to visually identify Andrew, though the coroner's report falsely states that family identified him.
6. Andrew arrived at the coroner's office in two unsealed body bags, raising questions about chain of custody.
7. Plaintiff requested Andrew's wallet and ID but was told she could not have them due to "identity theft concerns."
8. On October 10, 2023, Plaintiff emailed Detective Rhoda requesting updates and asking whether any charges had been filed, providing a working phone number (Exhibit J).
9. On October 22, 2023, Detective Rhoda emailed Plaintiff confirming the case number and stating she would contact Plaintiff's attorney, Trevor Crossen, that week (Exhibit K).
10. On November 14, 2023, Detective Rhoda emailed Plaintiff confirming she had spoken with attorney Trevor Crossen and with the prosecutor, who declined to file charges. Detective Rhoda stated there was no insurance on the vehicle and IMPD was "pretty confident" about the two individuals involved but could not confirm who was driving. She stated the case would remain open for new leads (Exhibit L).
11. Despite this statement, less than six weeks later, on December 29, 2023, IMPD marked the case complete without further investigative steps and without attaching the referenced toxicology results.
12. Plaintiff repeatedly sought updates and cooperated with investigators, yet was left without justice, without evidence, and without closure.

## V. CLAIMS FOR RELIEF

**Count 1 – Fourteenth Amendment Due Process Violation**
22. Defendants deprived Plaintiff of a fair and accurate investigation by issuing contradictory reports, failing to attach toxicology results, and prematurely closing the investigation despite identifying suspects.

**Count 2 – Fourteenth Amendment Equal Protection Violation**
23. Defendants treated Plaintiff's case differently from similar cases by failing to take reasonable investigative steps, denying Plaintiff equal protection of the laws.

### Count 3 – Negligence and Mishandling by Coroner's Office
24. The Marion County Coroner's Office mishandled Andrew's remains, recorded false information regarding visual identification, and refused to release personal effects, causing additional emotional harm.

### Count 4 – Spoliation and Failure to Preserve Evidence
25. Defendants failed to maintain or disclose critical evidence, including toxicology results and proper chain-of-custody documentation, preventing Plaintiff from obtaining full redress.

### Count 5 – Monell Claim (City Liability)
26. The City of Indianapolis, through its customs, practices, and failures to train and supervise IMPD personnel, caused Plaintiff's constitutional injuries. 27. These customs include: misclassifying head-on crashes as "non-collision," failing to document officer reassignments, allowing closure of investigations without complete evidence, and failing to preserve critical records. 28. These policies and failures were the moving force behind the violation of Plaintiff's constitutional rights.

## VI. DAMAGES AND PRAYER FOR RELIEF

Plaintiff seeks \$50,000,000 in compensatory damages, which reflects:

- \$10,000,000 for lost financial support and household help;
- \$15,000,000 for loss of companionship and guidance for Andrew's two sons;
- \$10,000,000 for Plaintiff's emotional distress and mental anguish;
- \$15,000,000 in punitive damages to punish and deter similar conduct in the future.

WHEREFORE, Plaintiff respectfully requests that the Court:

- Award compensatory damages in the amount of \$50,000,000;
- Award punitive damages as allowed by law;
- Enter injunctive relief requiring the City and IMPD to correct reporting policies, preserve evidence, and train officers to prevent similar injustices;
- Require public acknowledgment of investigative failures and support for a memorial in Andrew's honor;
- Grant such other relief as the Court deems just and proper, including costs and any other equitable relief necessary to ensure justice.

Respectfully submitted,

Nadine Bishop
1203 East 11th Street
Ford Heights, IL 60411
(Phone number here)

*Nadine Bishop*

Dated: 9-23-25