**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

NADINE BISHOP, Individually and as a )
surviving mother of Andrew McClain, deceased, )
)
     Plaintiff, )
)
     v. )     Case No. 1:25-cv-01358-SEB-TAB
)
CITY OF INDIANAPOLIS, INDIANAPOLIS )
METROPOLITAN POLICE DEPARTMENT, )
DETECTIVE KELLY RHODA, and )
MARION COUNTY CORONER'S OFFICE )
)
     Defendants. )

## <u>DEFENDANTS' STATEMENT OF DEFENSES</u>

Pursuant to the Case Management Plan (ECF 25), Defendants hereby submit their Statement of Defenses.

1. At the time of filing, a Motion to Dismiss Plaintiff's Amended Complaint (ECF 29) is pending, and as a result, Defendants have not yet filed an Answer. Defendants reserve the right to assert any affirmative defenses at the time of any prospective Answer, depending on what claims remain (if any).

2. Plaintiff bears the burden of establishing each element of her claims under the Fourteenth Amendment and Indiana state law tort claims. Defendants contend, but do not bear the burden of proof, that Plaintiff will be unable to prove her claims.

3. The Indianapolis Metropolitan Police Department is not a suable entity and must be dismissed. Indiana law "does not grant municipal police departments the capacity to sue or be sued." *Sow v. Fortville Police Dep't.*, 636 F.3d 293, 300 (7th Cir. 2011). Thus, [a] city's police department … is not a proper party defendant." *Slay v. Marion Cty. Sheriff's Dep't.,* 603 N.E.2d 877, 887 (Ind. Ct. App. 1992). *See also Gray v. City of Chicago*, 159 F.Supp.2d 1086, 1089 (N.D. Ill. 2001) (A city's police

department "is not a suable entity, but merely a department of the city…which does not have a separate legal existence").

4.      Plaintiff lacks standing to assert claims on behalf of her deceased son. "A party 'generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).

5.      Plaintiff cannot litigate claims *pro se* on behalf her son as next friend. *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010) ("[A] next friend may not, without the assistance of counsel, bring suit on behalf of a minor party."); Fed. R. Civ. P. 11(a) (every pleading and motion must be signed "by a party personally if the party is unrepresented").

6.      Plaintiff lacks standing because she has suffered no "injury in fact." "[T]he 'injury in fact' test requires more than an injury to a cognizable interest. It requires that the party seeking review be [her]self among the injured." *Sierra Club v. Morton*, 405 U.S. 727, 734–35, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972).

7.      Plaintiff has no fundamental right to a successful police investigation and prosecution stemming from her son's death in a hit-and-run collision, so Plaintiff cannot state a claim under § 1983. *Idris v. City of Chicago*, Ill., 552 F.3d 564, 566 (7th Cir. 2009) (holding "only state action that impinges on fundamental rights is subject to evaluation under substantive due process"). Plaintiff has no protected liberty or property interest in the outcome of a police investigation. *Gen. Auto Serv. Station v. City of Chicago*, 526 F.3d 991, 1002 (7th Cir. 2008) (holding "[T]he lack of a protected property interest is fatal to a substantive due process claim.")

8.      Plaintiff has failed to state an equal protection claim because she has not plausibly alleged "discrimination by race, national origin or sex" (*Swanson v. City of Chetek*, 719 F.3d 780, 783

(7th Cir. 2013)) or a "class-of-one" theory (*Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010)).

9.    Defendant Kelly Rhoda is entitled to qualified immunity because she did not violate any clearly established constitutional right when she was unable to successfully investigate and seek to charge the person responsible for Andrew McClain's death. "Qualified immunity shields government officials from liability under Section 1983 'for actions taken while performing discretionary functions, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Estate of Escobedo v. Martin*, 702 F.3d 388, 404 (7th Cir. 2012).

10.    Plaintiff has failed to state a claim under *Monell* because she cannot establish any underlying constitutional violation caused by the municipality, Defendant City of Indianapolis, nor has she sufficiently identified a policy, custom, or practice attributable to the municipality. *See McCauley v. City of Chi.*, 671 F.3d 611, 615 (7th Cir. 2011). Plaintiff has failed to allege that a policy, custom or practice was the moving force behind a constitutional violation. *Estate of Sims ex rel Sims v. Cty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007)

11.    Plaintiff cannot bring claims *pro se* on behalf of her son's estate, and Plaintiff lacks standing to bring a claim under the Indiana Wrongful Death Act because she is not the personal representative.

12.    Plaintiff's Wrongful Death claim is time-barred under Indiana law. The IWDA provides a cause of action "[w]hen the death of one is caused by the wrongful act or omission of another," only when the claim is "commenced by the personal representative of the decedent within two (2) years…." Ind. Code § 34-33-1-1.

13.    Plaintiff and the Estate of Andrew McClain failed to timely file a Tort Claim Notice under the Indiana Tort Claims Act, so any state law tort claims against the Defendants are barred. Ind.

Code ch. 34–13–3 *et seq.*

14.    Plaintiff is not entitled to punitive damages under state or federal law.

Respectfully submitted,

OFFICE OF CORPORATION COUNSEL

*/s/ Mathew M. Rayman*
Mathew M. Rayman (32120-49)
Deputy Chief Litigation Counsel
200 E. Washington Street, Suite 1601
Indianapolis, Indiana 46204
T: (317) 327-4055
F: (317) 327-3968
mathew.rayman2@indy.gov

## CERTIFICATE OF SERVICE

I certify that the foregoing was electronically filed on this Monday, May 18, 2026, through the Court's ECF system. The following *pro se* Plaintiff will receive service via First Class mail, postage pre-paid:

Nadine Bishop
1203 East 11th Street
Ford Heights, IL 60411

*/s/ Mathew M. Rayman*
Mathew M. Rayman (32120-49)
Deputy Chief Litigation Counsel

OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Room 1601
Indianapolis, Indiana 46204
Telephone: (317) 327-4055
Fax: (317) 327-3968

4