UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NADINE BISHOP<br><br>Plaintiff<br><br>vs.<br><br>CITY OF INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT, RHODA KELLY, CITY OF INDIANAPOLIS OFFICE OF CORPORATION COUNSEL, and MARION COUNTY CORONER'S OFFICE,<br><br>Defendants | ) | CASE NO. 1:25-cv-01358-SEB-TAB |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(D)**

Defendant, City of Indianapolis, IMPD, Kelly Rhoda, City of Indianapolis, and Marion County Coroner's Office, by counsel, files this response to Plaintiff's Motion for Relief Pursuant to F.R.C.P. 56(d). In support thereof, Defendants state as follows:

## I. INTRODUCTION

Plaintiff, Nadine Bishop, *pro se*, has requested relief pursuant to Federal Rule of Civil Procedure 56(d), essentially requesting more time for discovery to be completed until she may be required to respond to Defendant's Motion for Summary Judgment. As of September 1, 2026, Defendant has supplemented and produced all the requested material that Plaintiff has asked for.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(d) states:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;
(2) allow time to obtain affidavits or declarations or to take discovery; or
(3) issue any other appropriate order.

## III. ARGUMENT

Plaintiff's complained of issues are, at this point, mostly moot and, therefore, this Court should grant only a limited extension of her time to respond to Defendant's Motion for Summary Judgment. Specifically, in Plaintiff's Motion for Relief, she requests a nebulous ruling from this Court in light of the fact that certain discovery was still being supplemented after Defendants' Motion for Summary Judgment was filed. Firstly, Defendants' Motion for Summary Judgment did not rely upon any of the supplemented material – nor are any of the factual and material issues in this case relevant to the supplemented items. Secondly, all of those items which Plaintiff identified as requiring relief under Rule 56(d) - Defendant's Interrogatory and Request for Admission Responses, Supplemented Body-Worn-Camera Footage, and confirmation of the results of the agreed upon email search - have all been produced as of September 1, 2026. The only arguably outstanding matter would be the signature finalizing such interrogatory responses, which Defendants anticipate will be secured in the next day or so. Still, Defendants, acknowledge that Plaintiff should be afforded additional time to respond in light of such supplementation, and would not have objected to a request for a reasonable extension of time. However, Plaintiff has not suggested a definite amount of time nor informed the Court since such supplementation was completed. Defendants, by counsel, attempted to confer with Plaintiff concerning this discrepancy before September 14, 2026, deadline to respond to Plaintiff's Motion, but Plaintiff could not confirm one way or another as to her contention concerning the completeness of such supplementation. Therefore, Defendants request, in light of the completed supplementation, that

Plaintiff be granted an extension of time amounting to 30-days from the date of their final supplementation on September 1, 2026, giving her a deadline of October 1, 2026.

WHEREFORE, Defendants inform the Court that they have no objection to this Court granting Plaintiff's request for an extension of time of 30-days, making her deadline for response October 1, 2026.

KIGHTLINGER & GRAY, LLP

By /s/ M. Brian Coppinger

M. Brian Coppinger (#36179-49)
225 S. East Street, Suite 220
Indianapolis, Indiana 46202
Telephone: 317-638-4521
Email: bcoppinger@k-glaw.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2026, the foregoing pleading was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I further certify that on September 14, 2026, a copy of the foregoing pleading was mailed, by first-class U.S. Mail, to:

Nadine Bishop
1203 East 11th Street
Ford Heights, IL 60411

/s/ M. Brian Coppinger
M. Brian Coppinger

KIGHTLINGER & GRAY, LLP
225 S. East Street, Suite 220
Indianapolis, Indiana 46202
Telephone: 317-638-4521
Email: bcoppinger@k-glaw.com