UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NADINE BISHOP Individually and as a surviving mother of Andrew McClain, deceased, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:25-cv-01358-SEB-TAB |
| CITY OF INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT (IMPD), KELLEY RHODA Detective, CITY OF INDIANAPOLIS OFFICE OF CORPORATION COUNSEL, MARION COUNTY CORONER'S OFFICE, | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Plaintiff Nadine Bishop ("Ms. Bishop" or "Plaintiff") brought this action against Defendants City of Indianapolis Metropolitan Police Department ("IMPD"), Detective Kelley Rhoda,[1] City of Indianapolis,[2] and Marion County Coroner's Office (collectively "Defendants"), pursuant to 42 U.S.C. § 1983, challenging details of the investigation into her son Andrew McClain's ("Mr. McClain") death in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment and asserting a *Monell* claim against the City of Indianapolis. Plaintiff also challenges as negligent the handling of Mr. McClain's bodily remains by the Marion County Coroner's Office. Now before the Court is Defendants' Motion to Dismiss filed

[1] While this case was originally filed with Kelley Rhoda's first name listed as "Kelly," it appears that the correct spelling of her name is "Kelley." The Court will hereafter refer to her as "Kelley Rhoda."
[2] Ms. Bishop initial complaint listed the City of Indianapolis Office of Corporate Counsel as a defendant; however, Ms. Bishop has since dropped it as a party.

pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 28. For the reasons explained below, Defendants' Motion to Dismiss is **GRANTED**.

## I. BACKGROUND

### A. Plaintiff's Factual Averments

The events that culminated in this litigation were indisputably tragic. On August 5, 2023, Andrew McClain, while riding a Lime scooter, was struck and killed in a hit and run in Indianapolis. His death left behind his two minor sons. Dkt. 24 at 1.

The IMPD subsequently opened an investigation into the circumstances surrounding Mr. McClain's death. *Id.* at 2. Over the course of the ensuing four-month-long investigation, Ms. Bishop, the mother of Mr. McClain (and we assume the grandmother of his two young sons), maintained regular contact with Detective Kelley Rhoda ("Detective Rhoda"), whom Ms. Bishop avers was responsible for investigating Mr. McClain's death. *Id.* During this investigation, Ms. Bishop maintains that the case file erroneously reflected a misclassification of the collision as a "non-collision," a change in the assigned IMPD reviewing officer, and undisclosed toxicology results. *Id.*

Immediately following the accident, Mr. McClain's body was transported to the Marion County Coroner's Office for an autopsy arriving at the Coroner's Office in "two unsealed body bags." *Id.* Ms. Bishop alleges that she was never afforded an opportunity to identify her son's body, despite a notation otherwise that indicated that Mr. McClain's body had been identified by his family. *Id.* Ms. Bishop requested that the Coroner's Office return to her Mr. McClain's wallet and photo ID, which items were never released allegedly due to "identify theft concerns." *Id.*

Detective Rhoda's investigation reportedly left her and other police officers "pretty confident" of the identity of the two individuals occupying the vehicle that struck Mr. McClain.

*Id.* Ultimately, however, the prosecutor declined to file charges against any subject(s) and the investigation was listed as complete as of December 29, 2023. *Id.*

### B. Litigation History

Ms. Bishop filed this lawsuit on July 9, 2025, naming the IMPD, Detective Rhoda, City of Indianapolis Office of Corporation Counsel, and the unknown driver who struck Mr. McClain as Defendants. Dkt. 1. The Complaint included a violation of her Fourteenth Amendment Due Process rights, wrongful death, municipal liability under *Monell*, and negligence.[3] *Id.* Ms. Bishop filed an amended complaint on September 23, 2025, removing the unknown driver and the City of Indianapolis Office of Corporate Counsel as defendants and adding the Marion County Coroner's Office. The amended complaint supplemented the constitutional claims by adding a Fourteenth Amendment Equal Protection violation, and a state law claim of negligence on the part of the Marion County Coroner's Office, and of spoliation of evidence. Dkt. 24.

On October 9, 2025, Defendants moved to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 28. Ms. Bishop has responded in opposition to the Motion to Dismiss. Dkt. 32. Defendants filed no reply brief and the time to do so has long since passed. Now fully briefed, Defendants' Motion to Dismiss is ripe for ruling.

## II. LEGAL STANDARD

To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the complaint must be found to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678

[3] Accompanying her complaint was Ms. Bishop's motion to proceed *in forma pauperis*, which was granted on July 17, 2025. Dkt. 2.

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility exists when a court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While a complaint need not identify legal theories, a complaint nonetheless must allege some facts that support whatever theory the plaintiff asserts." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 633 (7th Cir. 2013).

*Pro se* complaints are to be liberally construed, and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007). A *pro se* plaintiff's complaint should be dismissed only for a failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of h[er] claim which would entitle h[er] to relief." *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981) (citation modified).

"A court may consider judicially noticed documents without converting a motion to dismiss into a motion for summary judgment." *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998) (citations omitted). "A court may take judicial notice of facts that are (1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned." *Ennenga v. Starns*, 677 F.3d 766, 773–74 (7th Cir. 2012) (citing *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997)). Matters of public record, such as state court decisions and state law, are judicially noticeable as they are readily ascertainable and not subject to reasonable dispute. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (finding that public court documents are judicially noticeable). We therefore grant Defendants' request that we take judicial notice of the Indiana state court proceeding *In re the Estate of Andrew McClain*, 49D08-2508-EU-038195 (Marion Sup. Ct. filed on Aug. 12,

2025), in which case Plaintiff sought to be appointed the personal representative of her son's estate, which request was denied.

## III. DISCUSSION

Ms. Bishop has brought this civil rights action against Defendants, pursuant to 42 U.S.C. § 1983, asserting the following claims: (1) violation of her Fourteenth Amendment Due Process rights against all Defendants, (2) violation of her Fourteenth Amendment Equal Protection rights against all Defendants, and (3) a *Monell* "policy or practice" claim against the City. Ms. Bishop has also alleged state-law claims for negligence and "mishandling" of her son's remains against the Coroner's Office as well as spoliation and failure to preserve evidence against all Defendants.

Defendants have moved to dismiss the Amended Complaint in its entirety. We address Defendants' various arguments below.

### A. Ms. Bishop's § 1983 Constitutional Claims

Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

A plaintiff may bring a cause of action under 42 U.S.C. § 1983 for constitutional deprivations committed by "persons acting under the color of state law." *First Midwest Bank Guardian of Est. of LaPorta v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021). To successfully bring a claim under § 1983, "plaintiffs must allege facts sufficient to show that the defendants deprived them of a right or an interest secured by the Constitution" while acting under color of state law. *Payne for Hicks v. Churchich*, 161 F.3d 1030, 1039 (7th Cir. 1998).

Section 1983 is not "a source of substantive rights, but a method for vindicating federal rights elsewhere conferred . . . ." *Baker v. McCollen*, 443 U.S. 137, 144 n.3 (1979). Stated differently, § 1983 is not an independent basis for jurisdiction, but rather a vessel for bringing independent constitutional claims. A reviewing court therefore must first look to determine whether the plaintiff "has been deprived of a right 'secured by the Constitution and laws.' " *Id.* at 140 (quoting 42 U.S.C. § 1983).

Before turning to the legal sufficiency of Ms. Bishop's various constitutional theories, we address several threshold issues raised by Defendants concerning Ms. Bishop's attempts to represent and vindicate the interests of her son's estate.

First, the instant complaint does not clearly delineate which claims Ms. Bishop purports to assert on behalf of the estate and which she seeks to maintain for her own benefit. To the extent that Ms. Bishop has attempted to interpose constitutional and/or Indiana state law claims, including failure to investigate, negligence, and spoliation[4], on behalf of her son and/or his estate, these claims must and therefore shall be dismissed, for the reasons stated below.

Federal Rule of Civil Procedure 17(a) requires that "[e]very action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). This procedural rule thus narrows who may bring a lawsuit to those who "according to the governing substantive law, is entitled to enforce the right." *Rawoof v. Texor Petrol. Co.*, 521 F.3d 750, 756 (7th Cir. 2008) (quoting *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 193 (2d Cir. 2003)).

---

[4] "Indiana common law does not recognize an independent cause of action for either intentional or negligent 'first party' spoliation of evidence, i.e. spoliation by a party to the underlying claim." *Meridian Sec. Ins. Co. v. Hoffman Adjustment Co.*, 933 N.E.2d 7, 14 (Ind. Ct. App. 2010). Ms. Bishop asserts her spoliation claim against all Defendants, who are all parties to the underlying claim. As there is no independent cause of action under Indiana law, Ms. Bishop's claim of spoliation is therefore **DISMISSED**.

"The right to sue as representative of an estate depends on state law." *Owlsey v. Gorbett*, 960 F.3d 969, 970–71 (7th Cir. 2020) (citing Fed. R. Civ. P. 17(b)(3)). Under Indiana law, personal representatives "have full power to maintain any suit in any court of competent jurisdiction . . . for any demand of whatever nature due the decedent or [their] estate . . . ." Ind. Code § 29-1-13-3.

Ms. Bishop has not (nor has she ever) been appointed as the personal representative of Mr. McClain's estate. Indeed, on January 5, 2026, the Marion Superior Court specifically denied Ms. Bishop's petition to serve as personal representative of Mr. McClain's estate and dismissed Ms. Bishop's case for failure to secure counsel in compliance with Marion County Local Rule 402.1. Ms. Bishop thus lacks standing as the personal representative of Mr. McClain's estate to pursue these causes of action.

Even if Ms. Bishop had been appointed the personal representative of Mr. McClain's estate, her third-party claims would still be barred because nonlawyers may not represent another person or entity in federal court. Ms. Bishop is entitled to proceed *pro se* to prosecute her own claims, but she must enlist an attorney to assert claims on behalf of an estate with regard to which she is not the sole beneficiary. 28 U.S.C. § 1654 (right to proceed *pro se*). *See Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) ("[I]f the administrator is not the sole beneficiary of the estate, then he or she may not represent the estate in court."). The reason for this requirement is clear: a *pro se* plaintiff may not bring claims on behalf of an estate *pro se*, as they "do not act [only] on behalf of themselves, but on behalf of all of the beneficiaries of an estate." *Id.* Ms. Bishop's Amended Complaint states that Mr. McClain had two minor sons at the time of his death. Dkt. 24 at 1. Under the applicable Indiana rules of interstate succession, Ms. Bishop is not the sole beneficiary of Mr. McClain's estate, even assuming there is no surviving spouse, because

the estate is to be distributed to the decedent's children. Ind. Code § 29-1-2-1. As a nonlawyer, Ms. Bishop cannot represent the interests of Mr. McClain's sons. Thus, she cannot proceed *pro se* to litigate claims affecting the interests of Mr. McClain's estate, including his children.

Second, we can easily dispose of Ms. Bishop's claims against the IMPD because IMPD is not a suable entity. It is well-established under Indiana and Seventh Circuit law that municipal police departments are not suable under Indiana law. *Sow v. Fortville Police Dep't.*, 636 F.3d 293, 300 (7th Cir. 2011) ("Indiana['s] statutory scheme does not grant municipal police departments the capacity to sue or be sued."). Indeed, this Court has frequently ruled that IMPD is not a suable entity. *See Ware v. City of Indianapolis*, No. 21-cv-2244, 2021 WL 4895320, at *2-3 (S.D. Ind. Oct. 20, 2021) ("The law is clear that the IMPD is not a suable entity."). We need not delay further; since IMPD is not a suable entity, Ms. Bishop's claims against it must and therefore shall be **DISMISSED**.

Third, Ms. Bishop has asserted several claims against "Defendants" generally without defining what each Defendant allegedly did or failed to do that violated her constitutional rights. Defendants do not challenge this deficiency in the pleadings. *See Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (stating that the primary purpose of Federal Rules of Civil Procedure 8 and 10 "is to give defendants fair notice of the claims against them and the grounds supporting the claims."). Notwithstanding this pleading deficiency, we conclude that Ms. Bishop's underlying factual allegations reveal that her constitutional theories are legally insufficient as to each of the remaining defendants.

**1. Fourteenth Amendment Due Process Claim**

Ms. Bishop's due process claim is based on several alleged deficiencies in Defendants' investigation into Ms. Bishop's son's death. For example, Ms. Bishop alleges that she repeatedly

contacted Detective Rhoda for updates on the investigation; that Detective Rhoda eventually disclosed that the local prosecutor had declined to press charges against the putative driver; and that IMPD "marked the case as complete . . . ." Dkt. 24 at 2. With regard to the Coroner's Office, Ms. Bishop alleges that she was denied the opportunity to visually identify Mr. McClain's body and that the Coroner's Report falsely stated that he had been identified by family. *Id.* at 3. Based on the foregoing, Ms. Bishop alleges that Defendants denied her a full and fair investigation "by issuing contradictory reports, failing to address toxicology results, and prematurely closing the investigation despite identifying suspects," *id.* at 2. The Fourteenth Amendment provides that a State shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. (Because Ms. Bishop does not specify whether her claim is based on substantive or procedural due process rights, we shall construe her allegations as arising under substantive due process principles.)

Plaintiffs alleging a violation of substantive due process rights under the Fourteenth Amendment must satisfy a high pleading standard, alleging and ultimately proving that "conduct [committed] under color of state law . . . 'violated a fundamental right or liberty' and was so 'arbitrary and irrational' as to 'shock the conscience.' " *Nelson v. City of Chi.*, 992 F.3d 599, 604 (7th Cir. 2021) (quoting *Campos v. Cook Cnty.*, 932 F.3d 972, 975 (7th Cir. 2019)). The alleged deprivation of a right must implicate our nation's most deeply rooted traditions and consciousness to be regarded as fundamental. *Reno v. Flores*, 507 U.S. 292, 303 (1993). Thus, a complaint must include a careful description of the fundamental liberty interest; anything less is insufficient. *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997). Courts are cautioned not to undertake the establishment of new fundamental rights, such as the extension of constitutional protections for matters outside "the arena of public debate and legislative action." *Id.* at 720.

Defendants argue that Ms. Bishop has failed to allege a violation of a fundamental right under the Due Process Clause, dkt. 29 at 8, contending that she has no constitutionally protected property interest in the quality or completeness or accuracy of the Coroner's or police investigation into her son's death nor does she have any interest in the evidence adduced during an investigation. Dkt. 29 at 8–9. We agree with Defendants on this point.

Ms. Bishop's substantive due process claim fails in the face of binding legal authority that squarely forecloses her right to prevail. The Seventh Circuit has repeatedly ruled that there is no right even to have the police investigate a crime, never mind investigate it well. A plaintiff "does not have a constitutional right to have the police investigate h[er] case at all, still less to do so to h[er] level of satisfaction." *Rossi v. City of Chi.*, 790 F.3d 729, 734 (7th Cir. 2015) (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989)). *See also Dickens v. Ill.*, 753 F. App'x 390, 392 (7th Cir. 2018) (noting that the plaintiff did "not have a constitutional right to compel police or others to investigate"). Further, "mere inactivity by police does not give rise to a constitutional claim." *Rossi*, 790 F.3d at 735.

These restrictions apply in assessing the conduct underlying Ms. Bishop's claim; namely, the failure to keep the investigation open, which allegation falls well short of the kind of grievous conduct that constitutes an actionable substantive due process violation. In substance, Ms. Bishop's allegations distill to her dissatisfaction with the official investigation(s) into her son's death, but that claim fails to provide a legal basis upon which relief can be granted under the Fourteenth Amendment Due Process Clause. Accordingly, her substantive due process claim must be dismissed.

### 2. Fourteenth Amendment Equal Protection Claim

Ms. Bishop maintains that her son's death investigation was treated differently (i.e., less carefully and appropriately) than other similarly situated cases, in that Defendants "fail[ed] to take [all the prescribed] reasonable investigative steps."[5] Dkt. 24 at 2.

The Equal Protection Clause of the Constitution protects individuals from being subjected to arbitrary government action based on their inherent characteristics. Typically, an Equal Protection claim challenges discrimination based on race, national origin, or sex. *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008) (stating that Equal Protection challenges are "typically . . . concerned with governmental classifications that 'affect some groups of citizens differently from others' ") (quoting *McGowen v. Maryland*, 366 U.S. 420, 421 (1961)). Individuals singled out by the government for different treatment can bring a "class of one" equal protection challenge, even when no specific classification has been alleged. *Engquist*, 553 U.S. at 601. For example, "a public official, with no conceivable basis for his action other than spite or some other improper motive . . . comes down hard on a hapless private citizen." *Lauth v. McCollum*, 424 F.3d 631, 633 (7th Cir. 2005). We analyze below this claim under "class of one" analytical principles.

To successfully bring a "class of one" Equal Protection claim, a plaintiff must allege that they have "been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). A government official acts rationally, thus defeating allegations to the contrary, where

---

[5] In her original complaint, Ms. Bishop alleged that the difference in treatment was due to her son's race. We do not address this contention, however, because Ms. Bishop excluded it in her amended complaint, rendering it moot. *See Flannery v. Recording Indus. Ass'n of America*, 354 F.3d 632, 638 n.1 (7th Cir. 2004) ("It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void.").

there is "a rational relationship between the disparity of treatment and some legitimate governmental purpose." *Srail v. Vill. of Lisle, Ill.*, 588 F.3d 940, 946 (7th Cir. 2009). The challenger of the government's action must "eliminate any reasonably conceivable state of facts that could provide a rational basis for the classification." *Srail*, 588 F.3d at 946–47.

"[T]o get past a Rule 12(b)(6) motion to dismiss on a class of one equal protection claim, 'a plaintiff must allege facts sufficient to overcome the presumption of rationality that applies to government classifications.' " *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 546 (7th Cir. 2008) (quoting *Wroblewski v. City of Washburn*, 965 F.2d 452, 459 (7th Cir. 1992)). Stated differently, at the motion to dismiss stage, plaintiff must allege facts sufficient to overcome the presumption that the government acted rationally. *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 682 (7th Cir. 2013).

Defendants challenge Ms. Bishop's allegations on the grounds that she has not included of any claim that Defendants acted without a rational basis in conducting their investigation into her son's death. Ms. Bishop responds with conclusory allegations of discrimination, but as such they do not overcome the presumption of rationality. Conclusory allegations without reference to any specific evidence showing that Defendants did in fact act irrationally fail to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 689 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Here, no facts are alleged in the Complaint that support any finding of irrationality or suggest any improper basis or unequal basis for the government's actions. Reading Ms. Bishop's complaint liberally, as we must do, the state action she challenges was Defendants' exercise of investigatory discretion. A "class-of-one equal protection theory is a 'poor fit' where the challenged governmental action is the product of a broadly discretionary decision-making process." *United States v. Moore*, 543 F.3d 891, 900 (7th

Cir. 2008). Ms. Bishop has failed to adequately set forth a claim which, if proved, would establish that the government acted irrationally. Beyond that conclusion, we need not address Defendants' additional arguments. Her equal protection class of one claim must be dismissed.

### 3. *Monell* Claim Against the City

Ms. Bishop has sued the City for unspecified constitutional deprivations. Under the Supreme Court's ruling in the well settled *Monell* rule, a local government, such as the City of Indianapolis, can be held liable under § 1983 when that entity's policy or custom is the "moving force" behind the plaintiff's alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 658 (1978). "[O]ur first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). A causal link between the plaintiff's constitutional violation and the execution of municipal policy can be established through: "(1) an express policy causing the loss when enforced; (2) a widespread practice constituting a 'custom or usage' causing the loss; or (3) a person with final policymaking authority causing the loss." *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008) (citing *Chortek v. City of Milwaukee*, 356 F.3d 740, 748 (7th Cir. 2004)).

In her Amended Complaint, Ms. Bishop avers that the City had customs of: "misclassifying head-on crashes as 'non-collision,' failing to document officer reassignments, allowing closure of investigations without complete evidence, and failing to preserve critical records." Dkt. 24 at 3. She further contends that these customs were "the moving force behind the violation of [her] constitutional rights." *Id.* However, she has provided no further information as to how these alleged customs led to a constitutional deprivation.

The City challenges Ms. Bishop's *Monell* claim arguing that she has failed to explain how the City's alleged policy or custom led to any constitutional injury against her. We agree that Ms. Bishop's *Monell* claim must be dismissed for want of any stand-alone constitutional deprivation against the City. Ms. Bishop has merely alleged that the City of Indianapolis's actions "caused Plaintiff's constitutional injuries," without identifying a specific constitutional right of which she was allegedly deprived. Dkt. 24 at 3. We must dismiss allegations that are nothing more than "labels and conclusions" and merely recite "the elements of a cause of action." *Twombly*, 550 U.S. at 555. Assuming the constitutional deprivations she seeks to raise are Fourteenth Amendment Due Process and Equal Protection claims, they have not been properly pled.

Accordingly, Ms. Bishop's *Monell* claim must be dismissed.

**4. Remaining State Law Claims**

Ms. Bishop's state law claims against the Coroner's Office do not require extended discussion. Under Indiana law, the County Coroner is immune from suit for performing an autopsy, in the absence of a showing of bad faith. Ind. Code § 36-2-14-13. Indiana courts have clarified that "bad faith" is more than just "simply bad judgment or negligence," requiring a showing that the defendant engaged in the wrong "because of dishonest purpose or moral obliquity." *Stath v. Williams*, 367 N.E.2d 1120, 1125 (Ind. App. 1977). "In other words, bad faith must be alleged for there to be a factual issue." *Cuatle v. Torres*, No. 1:09-cv-0820, 2010 WL 254627, at *1 (S.D. Ind. June 15, 2010). Ms. Bishop has included no allegations in her Complaint that the Coroner's Office acted with bad faith, merely labelling her claim against it as "negligence and mishandling." Dkt. 24 at 3. Under Indiana case law, mere negligence is not enough to overcome the Coroner's statutory immunity. The Marion County Coroner's Office is

thus immune from suit in the absence of a showing of bad faith which Ms. Bishop has neither alleged nor shown. Thus, it must and therefore shall be **DISMISSED**.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is hereby **GRANTED**. Dkt. 28. To the extent that Plaintiff has asserted claims on behalf of her son or his estate, those claims are **dismissed with prejudice**. Ms. Bishop's claim against the IMPD is hereby **dismissed with prejudice**. Ms. Bishop's claim against all Defendants for spoliation of evidence is hereby **dismissed with prejudice**.

Because further amendments "would be futile or otherwise unwarranted," Ms. Bishop's substantive due process claim shall be **dismissed with prejudice**. *O'Boyle v. Real Time Resols., Inc.*, 910 F.3d 338, 347 (7th Cir. 2018).

All other claims are hereby **dismissed without prejudice**.

All pending motions are hereby **DENIED as moot**. Ms. Bishop shall have **fourteen (14) days** from the date of this order within which to show cause why final judgment should not issue. Failure to show cause within the allotted time will result in dismissal with prejudice as well as the entry of final judgment without further warning.

IT IS SO ORDERED.

Date: 9/30/2026

Sarah Evans Barker

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

NADINE BISHOP
1203 E. 11th St.
Ford Heights, IL 60411

Michael Brian Coppinger, II
Kightlinger and Gray
bcoppinger@k-glaw.com

Mathew Rayman
OFFICE OF CORPORATION COUNSEL
mathew.rayman2@indy.gov

Craig M. Williams
Kightlinger & Gray, LLP
cwilliams@k-glaw.com